UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YO HAN KIM,

        Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

        Defendants.

Case No. 16-cv-07220 NC

**ORDER TO SHOW CAUSE RE: FEDERAL JURISDICTION**

Yo Han Kim sues defendants for trespass and "trespass on the case." Dkt. No. 1. The complaint does not refer to any federal cause of action. In addition, Kim refers to an underlying state action, and appears to be attempting to remove that action into federal court. The Court ORDERS Kim to show cause by January 23, 2017, why this case should not be dismissed for lack of jurisdiction. In addition, the Court received what purports to be a temporary restraining order, allegedly signed by superior court judge. Dkt. No. 5. The Court is unclear what this document is. Thus, by January 23, 2017, Kim must provide a further explanation as to what the document is and what he expects the court to do with it. Finally, the Court ORDERS Kim to appear on February 1, 2017 at 1:00 p.m. in courtroom 7 to discuss the documents presented to the court.

    Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court

Case No. 16-cv-07220 NC

1  would have had original subject matter jurisdiction over the suit.  *See* 28 U.S.C. § 1441(a).
2  Federal courts have original jurisdiction over "all civil actions arising under the
3  Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil
4  actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is
5  between citizens of different states," 28 U.S.C. § 1332(a).

6  In the absence of diversity jurisdiction, removal to federal court is only proper when
7  "a federal question is presented on the face of the plaintiff's properly pleaded complaint."
8  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal jurisdiction cannot be
9  predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon
10 an actual or anticipated counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A
11 federal court may dismiss an action on its own motion if it finds that it lacks subject matter
12 jurisdiction over the action.  *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also*
13 Fed. R. Civ. P. 12(h)(3).

14 For additional guidance, defendant may refer to the Court's Pro Se Handbook,
15 available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or
16 contact the Federal Pro Se Program at the San Jose Courthouse, which provides
17 information and limited-scope legal advice to pro se litigants in civil cases.  The Federal
18 Pro Se Program is available by appointment and on a drop-in basis.  The Federal Pro Se
19 Program is available at Room 2070 in the San Jose United States Courthouse (Monday to
20 Thursday 1:00 – 4:00 pm), or The Law Foundation of Silicon Valley, 152 N. 3rd Street,
21 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm), or by calling (408)
22 297-1480.

**IT IS SO ORDERED.**

Dated: January 10, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-07220 NC          2